NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DE JESUS HUERTA-TORRES, | No. 19-71947 |
| Petitioner, | Agency No. A086-943-934 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2021**
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and FEINERMAN,*** District
Judge.

Maria de Jesus Huerta-Torres, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

appeal from an Immigration Judge's order denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review the agency's factual findings for substantial evidence. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). We deny Huerta-Torres's petition.

Substantial evidence supports the BIA's determination that, even if Huerta-Torres's family qualifies as a cognizable social group, she did not satisfy her burden to establish a "clear probability" that her life or freedom would be threatened because of her family membership if deported to Mexico. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). In particular, the record supports the BIA's conclusion that Huerta-Torres did not establish the required nexus between any feared harm and her family membership.

Huerta-Torres testified that she feared retribution from drug cartels in Mexico because several of her family members have been the victims of violence or received threats from the cartels, and because family members have cooperated with investigations by the authorities. But the record evidence indicates that the crimes were random violence, not targeted attacks on her family. Indeed, Huerta-Torres herself testified that her family members were targeted for traveling between different cartels' territories, not for belonging to a specific family. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A] desire to be free from

harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

In addition, Huerta-Torres has multiple family members still living in Mexico who have not been targeted by drug cartels. That is further evidence supporting the BIA's finding that there was no nexus between Huerta-Torres's feared harm and her family membership. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

To obtain CAT relief, Huerta-Torres "must establish that it is more likely than not that [she] would be tortured if returned to Mexico." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (citing 8 C.F.R. § 208.16(c)(2)). Huerta-Torres argues that the BIA failed to give "reasoned consideration" to her evidence on this point. But there is "nothing in the record or the BIA's decision [that] indicates a failure to consider all the evidence." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). To succeed under *Cole*, Huerta-Torres must identify misstatements of the record or "highly probative or potentially dispositive evidence" that the BIA did not consider. *Id*. at 772. But she points only to country condition reports about police corruption and violence in Mexico. Such

3

generalized evidence of violence does not require remand under *Cole*, nor does it suggest that Huerta-Torres could satisfy her burden on the merits of her CAT claim. *See Delgado-Ortiz*, 600 F.3d at 1152 ("[G]eneralized evidence of violence and crime in Mexico … is insufficient to meet [the CAT] standard."). Therefore, substantial evidence supports the BIA's rejection of Huerta-Torres's CAT claim.

**PETITION DENIED.**